**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 25, 2023

LETTER TO PARTIES

RE:     *Janice D. o/b/o N.M.G. v. Kijakazi*
        Civil No. SAG-22-3369

Dear Plaintiff and Counsel:

On December 30, 2022, Plaintiff, proceeding *pro se* on behalf of N.M.G., filed a complaint against the Commissioner of the Social Security Administration ("Commissioner" or "SSA"). ECF 1.  The Commissioner filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF 10.  However, because the Commissioner did not style her motion to dismiss as one in the alternative under Federal Rules of Civil Procedure 12(b)(6) or 56, this Court requested that the Commissioner file an  amended motion to dismiss. ECF 12.  Subsequently, the Commissioner filed an amended motion to dismiss pursuant to Rule 12(b)(6), or alternatively for summary judgment pursuant to Rule 56.  ECF 13.  Plaintiff did not file any response.  I have carefully reviewed the filings in this case.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth below, the Commissioner's amended motion must be granted.

The Commissioner first argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.  ECF 13-1, at 3.  Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling [her] to relief."  *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)).  The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

In this case, I will consider the Commissioner's attached Declaration of Janay Podraza, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations ("Podraza Decl.").  ECF 13-2.  Because I am considering matters outside the pleadings, I will exercise my discretion to treat the Commissioner's 12(b)(6) motion, as specifically requested in the alternative, as a motion for summary judgment pursuant to Rule 56.[1]  Fed. R. Civ. P. 12(d).  In

---

[1] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56.  *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery*

Janice D. o/b/o N.M.G. v. Kijakazi
Civil No. SAG-22-3369
August 25, 2023
Page 2

such cases, courts must give all parties "reasonable opportunity to present all the material that is
pertinent to the motion." *Id.* Reasonable opportunity requires: (1) some notice by the court to the
parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the
consequent right in the opposing party to file counter affidavits or pursue reasonable discovery."
*Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's original
motion to dismiss, ECF 10, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF
11. Following this Court's instruction to the Commissioner to amend the motion to dismiss, and
the filing of Defendant's amended motion to dismiss, ECF 13, another "Rule 12/56 notice" was
mailed to Plaintiff, ECF 14. This Court routinely finds that the "Rule 12/56 notice" satisfies the
notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.,*
*Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v.*
*Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-
19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020). The Rule 12/56 notice alerted Plaintiff to
the potential consequences of a failure to appropriately respond to the Commissioner's motion.
Plaintiff did not respond after the first Rule 12/56 notice mailed on April 21, 2023, or after the
second was mailed on June 27, 2023. Therefore, I find that Plaintiff received sufficient notice, by
way of the title of the motion and the information in the Rule 12/56 notice, that the Commissioner's
motion could be converted to one for summary judgment. I also find that Plaintiff had sufficient
opportunity to seek and submit evidence and that conversion of the Commissioner's motion to one
for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is
appropriate only "if the movant shows that there is no genuine dispute as to any material fact and
the movant is entitled to judgment as a matter of law." The moving party bears the burden of
showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp.
2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th
Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving
party's case, the burden then shifts to the non-moving party to proffer specific facts to show a
genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence
to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen.*
*Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in
support of the non-moving party's position will be insufficient; there must be evidence on which
the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere
speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter*
*Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, Plaintiff received Supplemental Security Income ("SSI") benefits under Title XVI of
the Social Security Act ("the Act") after being found disabled as of January 18, 2013. Podraza
Decl. ¶ 3(a); *see* ECF 13-2, at 8. In October 2018, the SSA notified Plaintiff that her SSI benefits
would be reduced due to an overpayment. Podraza Decl. ¶ 3(b); *see* ECF 13-2, at 11–25. Plaintiff

_____

*Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't,*
*Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*Janice D. o/b/o N.M.G. v. Kijakazi*
Civil No. SAG-22-3369
August 25, 2023
Page 3

requested a hearing before an Administrative Law Judge ("ALJ") as well as a waiver of overpayment. Podraza Decl. ¶ 3(c); *see* ECF 13-2, at 34. Following this hearing, the ALJ issued a favorable decision determining that Plaintiff was not overpaid benefits, waiving the overpayment amount, and finding Plaintiff not liable for repayment. Podraza Decl. ¶ 3(c); *see* ECF 13-2, at 34–38. Plaintiff did not administratively appeal that decision but commenced this civil action on December 30, 2022. Podraza Decl. ¶ 3(d).

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust her administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* § 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g.*, *Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust her administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that Plaintiff's complaint should be dismissed because she did not exhaust her administrative remedies under the Act and obtain a final decision of the Commissioner after a hearing.[2] ECF 13-1, at 5–6. Plaintiff has not disputed that or otherwise responded to the Commissioner's arguments.

Considering the foregoing, on the evidence before the Court, Plaintiff has not exhausted her administrative remedies. The Court also recognizes that Plaintiff has not been denied benefits in this case. If Plaintiff wishes to challenge an ALJ's decision (favorable or not), she must exhaust her administrative remedies by appealing the decision to the Appeals Council. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1779 (2019) ("Fundamental principles of administrative law, however, teach that a federal court generally goes astray if it decides a question that has been delegated to an agency if that agency has not first had a chance to address the question."); *id.* at 1779–80 (quoting *Weinberger*, 422 U.S. at 765) ("[E]xhaustion serves to 'preven[t] premature interference with agency processes' and to give the agency 'an opportunity to correct its own errors,' 'to afford the parties and the courts the benefit of its experience and expertise,' and to produce 'a record which is adequate for judicial review.'"). Summary judgment is therefore appropriate against Plaintiff for her failure to exhaust her administrative remedies.

---

[2] The Commissioner also notes that the most recent decision was fully favorable to Plaintiff. ECF 13-1, at 5 n.2.

*Janice D. o/b/o N.M.G. v. Kijakazi*
Civil No. SAG-22-3369
August 25, 2023
Page 4

     For the reasons set forth herein, the Commissioner's amended motion to dismiss, ECF 13, is treated as a motion for summary judgment and GRANTED.[3]  The clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.  The Clerk shall mail a copy of this letter to Plaintiff.

          Sincerely yours,

           /s/
          Stephanie A. Gallagher
          United States District Judge

---

[3] The Commissioner's first motion to dismiss, ECF 10, is superseded by the amended motion, ECF 13, and is therefore denied as moot.